United States District Court
Southern District of Texas
**ENTERED**
May 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENARD MCCLAIRNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-03334 |
| | § | |
| TITLEMAX OF TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant TitleMax of Texas, Inc.'s ("TitleMax") Motion to Confirm Arbitration Award. (Dkt. No. 50). For the reasons below, the Motion is **GRANTED**.

### I.  BACKGROUND

In July 2022, Plaintiff Denard McClairne entered into a Credit Services Contract and Security Agreement with TitleMax. (Dkt. No. 50 at 8–16). The agreement contains an arbitration provision. (*Id.* at 12–15). The arbitration provision states that "[i]f the parties use an arbitration company such as JAMS, that company's consumer arbitration rules will apply." (*Id.* at 13).

In September 2022, McClairne filed suit against TitleMax alleging numerous claims including violations of federal statutes. (Dkt. No. 1). On May 30, 2023, this Court compelled McClairne's claims to arbitration and dismissed the case in favor of that proceeding. (Dkt. No. 38).

JAMS Arbitration No. 5300000529 was conducted in Houston, Texas, on October 24, 2024, and again on December 19, 2024, by the Honorable Russell Lloyd (Ret.). (Dkt. No. 50 at 4, 20). After McClairne failed to appear at both arbitration hearings, the arbitrator issued a final award dated January 16, 2025, holding that McClairne was not entitled to any relief and that he had submitted no evidence for any of his claims. (*Id.* at 20–21, 23). The arbitrator further ruled in TitleMax's favor on its counterclaims, awarding TitleMax $10,000 in statutory damages, $27,202 in attorneys' fees, and $20,000 in arbitration expenses. (*Id.* at 22–23).

## II.    LEGAL STANDARD

Once an arbitration award has been entered, any party to the arbitration may seek "an order confirming the award" in "the United States court in and for the district within which such award was made." 9 U.S.C. § 9.[1] "Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S.Ct. 1396, 1402, 170 L. Ed. 2d 254 (2008).

---

[1] Moreoever, the Parties' agreement to abide by the JAMS rules incorporates Rule 25 of the JAMS rules, which provides that: "The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof." *JAMS Comprehensive Arbitration Rules &* Procedures, JAMS (June 1, 2021), https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-25; *see* 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award . . . ."); *Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 180–81 (2d Cir. 2010) (holding that an agreement to arbitrate by a specific association's rules incorporates those rules by reference and is therefore the equivalent to agreement to provide for the entry of a judgment).

The grounds for vacatur of an arbitration award are exclusively confined to the statutory provisions of the Federal Arbitration Act. *Id.* at 584, 128 S.Ct. at 1403. Section 10(a) of the Federal Arbitration Act establishes that an award can be vacated only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Due to the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow and exceedingly deferential. *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471–72 (5th Cir. 2012). The Fifth Circuit is emphatic: vacatur is a "draconian remedy." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 286 (5th Cir. 2007) (en banc).

The party moving to vacate an arbitration award bears the burden of proving that vacatur is warranted and "must clear a high hurdle." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671, 130 S.Ct. 1758, 1767, 176 L.Ed.2d 605 (2010). The movant must do more than show that the arbitrator committed a serious error. *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S.Ct. 1724, 1728, 149 L.Ed.2d 740 (2001). Instead, the movant must show that the arbitrator strayed so far "from [the]

interpretation and application of the agreement" that the arbitrator "effectively 'dispense[d] his own brand of industrial justice.'" *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S.Ct. 1724, 1728, 149 L.Ed.2d 740 (2001) (quoting *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)).

### III. DISCUSSION

The Court finds that confirmation of the arbitration award is appropriate. TitleMax has timely moved to confirm the arbitration award within one year after the award was made, as required by 9 U.S.C. § 9. (Dkt. No. 50 at 5). McClairne has not moved to vacate, modify, or correct the award under 9 U.S.C. §§ 10 or 11. (Dkt. No. 50 at 5). And the record does not reveal any grounds that would justify vacating, modifying, or correcting the award. The arbitrator conducted the proceedings in accordance with the Parties' agreement and applicable law, holding two separate hearings (at which McClairne did not appear) and issuing a thorough, reasoned decision. (*Id.* at 17–23). Accordingly, the Court "must" confirm the arbitration award. 9 U.S.C. § 9.

### IV. CONCLUSION

For the reasons above, TitleMax's Motion Confirm Arbitration Award, (Dkt. No. 50), is **GRANTED**. The arbitration award dated January 16, 2025, is **CONFIRMED** in all respects. The Court will enter a separate final judgment.

It is SO ORDERED.

Signed on May 5, 2025.

                                                _____
                                                **DREW B. TIPTON**
                                                **UNITED STATES DISTRICT JUDGE**